# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE HERRERA WILSON,<br><br>  Plaintiff,<br><br>vs.<br><br>KELLY, ID NO. 6540, et al.,<br><br>  Defendants. | CASE NO. 11cv2296-LAB (RBB)<br><br>**ORDER SUSTAINING IN PART DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>**ORDER SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO R&R;**<br><br>**ORDER MODIFYING R&R; AND**<br><br>**ORDER ADOPTING R&R AS MODIFIED** |

On October 4, 2011, Plaintiff Rene Wilson filed his complaint, alleging that two police officers, Defendants Kelly and Dierdorff, used excessive force against him when arresting him. On December 9, 2011, before Defendants had answered or appeared, Wilson filed his amended complaint, adding a claim for deliberate indifference to serious medical needs. Both claims are brought under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.3, this matter was referred to Magistrate Judge Ruben Brooks. Defendants moved for summary judgment. After receiving briefing Judge Brooks issued his report and recommendation (the "R&R"), recommending granting summary judgment as to Wilson's excessive force claim, denying it as to his claim

for deliberate indifference to serious medical needs, and dismissing two other Defendants, the City of San Diego and the San Diego Police Department. Both sides filed objections to the R&R.

**Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Summary judgment is properly granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court shall consider all admissible affidavits and supplemental documents submitted on a motion for summary judgment. *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018, 1020 (9th Cir. 1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). However, to avoid summary judgment, the nonmovant cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). Rather, he must present "specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court may not weigh evidence or make credibility determinations on a motion for summary judgment. Rather, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Id*. at 255; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The nonmovant's evidence need only be such that a "fair minded

jury could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 255. However, in determining whether the nonmovant has met his burden, the Court must consider the evidentiary burden imposed upon him by the applicable substantive law. *Id*.

Because Wilson is a prisoner proceeding *in forma pauperis*, the Court is required to dismiss his complaint to the extent it is frivolous or malicious or fails to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**Discussion**

The R&R noted that Wilson had filed an amended complaint, but referred instead to the original complaint, and treated the original complaint as the operative pleading. The R&R concluded that the amended complaint was substantially the same as the original, except that it added a claim for deliberate indifference. The R&R's reasoning was that Wilson had never served any party with the amended complaint. In fact, the docket shows Kelly and Dierdorff were served before the amended complaint was filed. (*See* Docket nos. 6 and 7 (return of service on Kelly and Dierdorff), and 8 (amended complaint, docketed nine days later).) It would have been proper to treat the original complaint as superseded, the amended complaint as the operative pleading, and claims or allegations omitted from the amended complaint as waived or abandoned. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). In this respect, the Court rejects the R&R and substitutes its own analysis of the amended complaint.

The R&R also recommended denying summary judgment as to the deliberate indifference claim, because the motion for summary judgment did not discuss it. In their objections, Defendants argue that this claim is inadequately pled, because Wilson failed to allege that he actually had a serious medical and that both individual Defendants were aware of it and deliberately indifferent to it. The amended complaint does allege that Wilson told the two officers he was bleeding and in pain and that they refused to take him to the hospital (FAC at 3), but it doesn't allege they believed him or that his condition was in need of prompt medical attention. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (setting forth standard for deliberate indifference claim). It does allege a doctor told him he had some kind

of eye problem that got worse because he was punched in the eye, but it doesn't allege that any treatment was needed or would have helped. *See id.* (a serious medical need exists if failure to treat the plaintiff's condition could result in further significant injury or unnecessary and wanton infliction of pain).

Because § 1915(e) imposes a screening requirement, the R&R should have addressed this issue *sua sponte*. The Court does so now, and finds the amended complaint is inadequate. Accepting as true Wilson's allegations that he told the officers he was in pain and bleeding, it is possible he actually had some kind of medical condition that needed prompt attention, and it is also possible they realized this. But these allegations also leave open the possibility that Wilson wasn't in need of immediate medical attention for serious injuries, or that if he was, Kelly and Dierdorff didn't know it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (the pleading standard requires "more than sheer possibility that a defendant acted unlawfully").

Ordinarily, Wilson would be given an opportunity to amend, but here it is clear he cannot do so. He alludes to various color photographs taken of his injuries, apparently unaware that the photographs filed as exhibits in support of the motion for summary judgment are those photographs.[1] Those photos show a bruise on his cheek and a small scrape or cut with little bleeding, and no visible trauma or other injuries of any kind. (*See* Ex. 3 in Supp. of Mot. for Summ. J (five photographs of Wilson).) Even assuming Wilson experienced some kind of injury, the photographs don't disclose anything obvious.

More importantly, it is undisputed that after processing at police headquarters, Wilson was transported to the county jail where he was seen by a nurse before being admitted into the jail. (Dierdorff Decl. in Supp. of Mot. for Summ. J (Docket no. 28-3, ¶ 19).) This is significant in two respects. First, because Dierdorff and Kelly obtained medical care for

/ / /

---

[1] Wilson's objections claim that the photos he is looking at are black and white, and don't adequately show his injuries. He urges the Court to seek out the color photographs, which he says are available in the state court where he was tried for resisting arrest. Apparently he is looking at a black and white printout of the color photographs, however.

Wilson, they were not deliberately indifferent.[2] Second, because the nurse found nothing requiring immediate treatment, it cannot have been obvious to laypeople like Dierdorff and Kelly that Wilson had a serious medical need.

Because it is clear Wilson cannot save his deliberate indifference claim by amendment, this claim will be dismissed with prejudice.

Wilson does not object to the R&R's conclusion that the San Diego Police Department and the City of San Diego should be dismissed as Defendants, and the Court agrees they should. Neither Defendant has been served. What is more, no allegations connect these two entities with any of Wilson's claims and there is no *respondeat superior* liability under § 1983. *See Iqbal*, 556 U.S. at 675–76.

The R&R recommended granting summary judgment on Wilson's claim of excessive force, because he had submitted no admissible evidence even after being told he needed to. In his late-filed objections to the R&R, however, he provided two of his own affidavits attested to under penalty of perjury. Wilson's affidavits differ sharply from the story told by Kelly, Dierdorff, and their two witnesses. According to Defendants' evidence, Wilson was behaving erratically and violently, exposed himself to a man, and assaulted him. Defendants believed he might be under the influence of drugs, and he appeared dangerous to them, so they used moderate force to restrain and arrest him.

Wilson's affidavits say he was simply walking on the sidewalk when Kelly and Dierdorff drove up, held his arms behind his back, and began punching and beating him. (Docket nos. 49, 51, 53.) Accepting Wilson's evidence as true, the only reason Defendants would have had to use force on Wilson was because one of the two witnesses had reported him for assault. Wilson swears he did not resist when being handcuffed. Assuming the evidence is as Wilson presents it, reasonable police officers in Defendants' position would not believe their actions were permissible. Defendants are therefore not entitled to qualified

---

[2] While there was some delay before Wilson was seen by the nurse, the undisputed facts show this was caused by processing requirements. Furthermore, Dierdorff and Kelly had received reports that would lead them to think Wilson was irrational and violent. Under these circumstances, no reasonable officer would skip processing and take Wilson for medical treatment immediately.

immunity. *See Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (giving qualified immunity standard); *see also Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185, 1198 (9th Cir. 2001) ("Although excessive force cases can be decided as a matter of law, they rarely are because the Fourth Amendment test for reasonableness is inherently fact-specific.")

At this stage, the Court does not weigh the evidence or resolve issues of credibility. *Anderson*, 477 U.S. at 255. If a trier of fact believed Wilson's evidence and rejected Defendants' evidence, the trier of fact could find for Wilson. In light of the new evidence, summary judgment is inappropriate.

**Conclusion and Order**

For these reasons, the Court **SUSTAINS IN PART AND OVERRULES IN PART** the parties' objections to the R&R. The R&R is **MODIFIED** as discussed above. Wilson's deliberate indifference claim is **DISMISSED WITH PREJUDICE** but summary judgment is **DENIED** as to the excessive force claim. Defendants San Diego Police Department and City of San Diego are **DISMISSED**.

A pretrial conference is set for Monday, August 12, 2013 at noon. The parties should diligently prepare for this, including by submitting a proposed pretrial order. Defendants' counsel shall make arrangements for Plaintiff to participate telephonically.

**IT IS SO ORDERED**.

DATED: July 23, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge